## 14487. SCHOFIELD'S SONS CO. *v.* GEORGIA QUINCY GRANITE CO.

BLOODWORTH, J. The court did not err in dismissing on oral motion the petition as amended "on the ground that it set forth no cause of action."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED OCTOBER 3, 1923. ADHERED TO ON REHEARING, JANUARY 16, 1924.

Complaint; from city court of Macon—Judge Gunn. March 29, 1923.

Application for certiorari was denied by the Supreme Court.

The main contention relied on by the defendant was that the contract or transaction in question was illegal and contrary to public policy. The petition as amended alleges in substance: On August 1, 1921, plaintiff was a creditor of Campbell T. King Jr. and W. T. Hines, partners, trading as the Macon Granite Company, on certain promissory notes and an open account for stated

sums, and the defendant, the Georgia Quincy Granite Company, being desirous of instituting involuntary bankruptcy proceedings against these debtors and not having a sufficient number of claims on which to base the proceedings, approached plaintiff and proposed that plaintiff permit its name to be used as one of the petitioning creditors in the proceedings, and permit defendant to use its claim as one of the claims on which to base the petition. It was contemplated that as a result of the proposed bankruptcy proceedings a special benefit and advantage would flow to the defendant, in that the defendant, by virtue of the bankruptcy proceedings, would be able to reacquire properties of peculiar value to the defendant, which properties had previously been leased by the defendant to the Macon Granite Company. Plaintiff was not willing to institute involuntary bankruptcy proceedings against the Macon Granite Company, and so advised defendant. Defendant thereupon proposed to plaintiff that if plaintiff would permit the use of its name and claim as aforesaid, defendant would pay to plaintiff the full amount of the claim in the event that the defendant should succeed in getting, as a result of the said bankruptcy proceedings, title to and possession of certain property in Hancock county, occupied and operated by the Macon Granite Company as a quarry. Plaintiff then accepted this proposal, which was made orally, and furnished defendant a statement of its claim and permitted defendant to use its name and its claim in instituting the involuntary bankruptcy proceedings, as was done by the defendant, and defendant succeeded, as a result of the said bankruptcy proceedings, in getting title to and possession of the said property. The Macon Granite Company and the individuals composing it were thereafter (August 29, 1921) duly adjudicated bankrupts, and the assets of the said bankrupts were duly administered in the bankruptcy court. No dividend was paid to plaintiff as a creditor of the said bankrupts, nor has plaintiff been paid any amount whatever on its claim. The said bankrupts were discharged in bankruptcy on March 19, 1923, and plaintiff's claim against them was thereby completely extinguished and rendered uncollectible. It was the natural consequence of the contract between plaintiff and defendant that plaintiff's claim against the said bankrupts would be extinguished as a result of the very act which plaintiff promised to do and which plaintiff did as an inducement to defendant and as a consideration

for defendant's promise to pay the amount of said claim to plaintiff. Plaintiff has demanded of defendant that defendant pay to plaintiff the amount of its claim against Macon Granite Company and against the individuals composing it, but defendant has failed and refused to do so. Wherefore plaintiff prays judgment, etc.

The judgment dismissing the petition states that the defendant specially assigned as reasons for the oral motion to dismiss: "(1) that any such contract or transaction between plaintiff and defendant as is alleged in the petition is void, because it is illegal, in that it is in violation of clause 5 of subsection B of section 29 of the act of Congress entitled 'An act to establish a uniform system of bankruptcy throughout the United States,' approved July 1, 1898, which provides that 'a person shall be punished by imprisonment for a period not to exceed two years upon conviction of the offense of having knowingly and fraudulently . . . extorted or attempted to extort any money or property from any person as a consideration for acting or forbearing to act in bankruptcy proceedings;' under and by virtue of which provisions defendant specially set up a claim to immunity from any such contract, and the right and privilege of having the same declared void; (2) that any such contract or transaction between plaintiff and defendant as is alleged in the petition is void for the reason that it is illegal and contrary to public policy, in that the design, purpose, object, and natural and reasonable effect of it is to impede and improperly control or interfere with the administration of justice in a district court of the United States as a court of bankruptcy; (3) that any such contract or transaction between plaintiff and defendant as is alleged in the petition is void for the reason that there is no legal, valuable consideration moving to defendant or from plaintiff as a basis for the same; and (4) any such contract or transaction . . is unenforceable as against defendant for the reason that it was a contract to answer for the obligation of another, and there was no written evidence thereof signed by defendant or any person by it thereunto authorized."

In support of the contention that the transaction in question was not illegal or contrary to public policy, the brief of counsel for the plaintiff cited: 1 Collier on Bankruptcy (12th ed.), 632; 2 Id. 844; 227 U. S. 625 (29 Am. Bkr. R. 493, 496) ; Words & Phrases, vol. 3, p. 2622 ("extort") ; 21 Am. Bkr. R. 344; 116 N. Y. Supp. 807; 6 Ruling Case Law, 751 et seq.; 13 Corpus Juris, 445 et seq.

Citations by counsel for defendant: 132 *Ga.* 836, 839-40; 15 A. & E. Enc. L. (2d ed.) 977; 6 R. C. L. 693, 751; 9 Cyc. 481, 504; 24 L. R. A. 206; 186 U. S. 181, 186; 236 U. S. 549, 554; Brandenburg, Bkr. (4th ed.), 3, 521 (sec. 715); 1 Collier, Bkr. (12th ed.), 4, 622, 635, 1244, 1488-93, 1498-1504, 15021; Civil Code (1910), §§ 3691, 3695, 3221; 44 *Ga.* 161; 47 *Ga.* 479; 88 *Ga.* 698; 110 *Ga.* 698 (5); 132 *Ga.* 601; 8 *Ga. App.* 605, 609; 111 *Ga.* 404; 70 *Ga.* 271; 242 Fed. 831, 834; 186 Fed. 693; 42 Am. Bkr. R. 503; 78 Ill. 481; 175 Pac. 34; 75 Mo. 937; 121 App. Div. (N. Y.) 301 (106 N. Y. S. 39); 42 Ind. 1 (13 Am. R. 353); 18 Md. 451; 9 Ky. L. R. 621; 160 Ill. 22; 77 Mo. 13; 80 Hun, 80 (30 N. Y. Supp. 45); 23 N. J. L. 352; 65 Iowa, 245 (54 Am. R. 9); 25 Atl. 661; 152 *Ga.* 726, 742; 130 *Ga.* 625; 14 Fed. 595; 51 Fed. 424; 31 App. D. C. 100 (18 L. R. A. (N. S.) 77; 235 Fed. 1000 (38 Am. Bkr. R. 127); 42 Am. Bkr. R. 503; 8 Met. 227 (41 Am. R. 503); 9 Johns. 295 (6 Am. Dec. 277); 75 N. W. 937.

*Jones, Park & Johnston,* for plaintiff.

*John R. L. Smith, Grady C. Harris,* for defendant.

### ON REHEARING.

BLOODWORTH, J. In the original hearing of this case the case of *Kiser Co.* v. *Padrick,* 30 *Ga. App.* 642 (118 S. E. 791), was not cited by counsel for either side, and that case was not then considered. In the motion for a rehearing counsel for plaintiff in error alleged, that, the case just referred to "being the only prior decision of this court on the identical question, not only is it controlling authority, but endless confusion would result from the announcement by this court of a principle directly in the teeth of that already announced." Owing to this insistence this court thought it best to reopen this case and give counsel for each side an opportunity to discuss the principles involved in the case of *Kiser Co.* v. *Padrick* as they did or did not affect this case. After carefully considering all the facts and rulings in that case, and the authorities cited in the briefs on the rehearing, and reviewing the briefs originally filed, and considering again the cases cited in them, we are of the opinion that the judgment previously rendered by this court is correct and should not be disturbed.

*Judgment adhered to. Broyles, C. J., and Luke, J., concur.*